BENNET D. ZUROFSKY
Attorney at Law
17 Academy Street – Suite 1201
Newark, New Jersey 07102
bzurofsky@zurofskylaw.com
TEL: 973.642.0885
FAX: 973.642.0946

John Troy (to be admitted *pro hac vice*)
TROY LAW, PLLC
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
troylaw@troypllc.com
Tel: 718.762.1324
Fax: 718.762.1342

*Attorneys for named Plaintiffs and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-------------------------------------------------------------------X

JUN YIN and XINQUAN LIU, and on behalf of themselves and others similarly situated,

                      **Plaintiffs,**

-against-

**HANAMI WESTWOOD, INC. d/b/a HANAMI RESTAURANT, HANAMI CRESSKILL, INC. d/b/a HANAMI RESTAURANT, ERIC CHEN, and SAM LINDER.**

                      **Defendants,**

-------------------------------------------------------------------X

**COMPLAINT**
**& Local Rule 11.2 Certification**

**FLSA COLLECTIVE ACTION**

Docket No.:

Plaintiffs, on behalf of themselves and all others similarly situated, hereby file this Complaint against Defendants:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and New Jersey State Wage and Hour Laws and Regulations under N.J.S.A. 34:11-56s *et seq*. and N.J.A.C. 12:56 *et seq.,* that they are entitled to recover from Defendants (1) unpaid overtime wages, (2) unpaid minimum wages, (3) liquidated damages, and (4) attorney's fees and costs.

## JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction under 28 U.S.C. §1331 because this case is brought under the Federal Labor Standards Act, 29 U.S.C. §§201, *et seq*. ("FLSA"). The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

4. Plaintiff Jun Yin ("Yin") was employed as a deliveryman at Hanami Restaurant located at 41 Union Ave., Cresskill, NJ 07626, from March 10, 2005 to September 2005.

5. Plaintiff Jun Yin ("Yin") was employed as a deliveryman at Hanami Restaurant located at 301 Center Avenue, Westwood, New Jersey 07675, from September 2009 to April 15, 2013.

6. Plaintiff XinQuan Liu ("Liu") was employed as a waiter at Hanami Restaurant located at 41 Union Ave., Cresskill, NJ 07626, from February 1, 2011 to December 31 2011 and from September 7, 2013 to September 15 2013.

7. Plaintiff XinQuan Liu ("Liu") was employed as a waiter at Hanami Restaurant located at 301

Center Ave., Westwood, NJ 07675 from January 1, 2012 to June 16 2012.

8. At all times relevant to this action, Plaintiffs were employees within the meaning of the FLSA and New Jersey State Wage and Hour Laws and Regulations under N.J.S.A. 34:11-56s *et seq.* and N.J.A.C. 12:56 *et seq.*

**DEFENDANTS**

9. Defendant Hanami Westwood, Inc. d/b/a Hanami Restaurant operates the Hanami Restaurant located at 301 Center Ave., Westwood, NJ 07675.

10. Defendant Hanami Cresskill, Inc. d/b/a Hanami Restaurant operates the Hanami Restaurant located at 41 Union Ave., Cresskill, NJ 07626.

11. At all relevant times herein, Hanami Restaurant is a business that has employees engaged in commerce or in the production of goods for commerce, that handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce, and upon information and belief has an annual gross volume of sales in excess of $500,000 per year.

12. Hanami Restaurant is an "enterprise" as defined by the FLSA and is under the common control of Defendant Eric Chen.

13. Upon information and belief, Hanami Restaurant has a common policy and practice of not paying overtime wages and minimum wages.

14. Defendant Eric Chen is a Co-Owner, and President of Hanami Westwood, Inc. and exercises sufficient control over its day to day operations to be considered Plaintiffs' employer within the meaning under the FLSA.

15. Defendant Eric Chen is the owner and President of Hanami Cresskill, Inc. and exercises sufficient control over its day to day operations to be considered Plaintiffs' employer within the meaning under the FLSA.

16. Upon information and belief, Sam Linder is a Co-Owner of Hanami Westwood, Inc. and exercises sufficient control over its day to day operations to be considered Plaintiff's employer within the meaning under the FLSA.

17. All Defendants are hereinafter collectively referred to as "Defendants".

## FLSA COLLECTIVE ACTION ALLEGATIONS

18. Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

19. At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked, and one and a half (1.5) times this rate for work in excess of forty (40) hours per workweek. These claims of the Plaintiffs are essentially the same as those of the FLSA Collective Plaintiffs.

20. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

21.

## FACTS

22. Defendants committed the following alleged acts knowingly, intentionally and willfully.

23. Throughout the statute of limitations period covered by these claims, Plaintiffs and the FLSA Collective Plaintiffs often worked in excess of forty (40) hours per workweek.

24. Plaintiff Yin worked six (6) days a week: Sunday, Monday, Wednesday and Thursday for eleven hours (11), and Friday and Saturday for twelve (12) hours, for a total of sixty-nine (69) hours per week.

25. Throughout his employment, Plaintiff Yin was paid $1,500 every two weeks.

26. Plaintiff Liu worked six (6) days a week: Sunday through Tuesday and Thursday about ten and a half (10.5) hours, and Friday and Saturday for about eleven and a half (11.5) hours, for an average total of sixty-six (66) hours per week.

27. Plaintiff Liu was paid the rate of twenty (20) dollars per day.

28. Plaintiffs and FLSA Collective Plaintiffs were not compensated the federal overtime payment of one and a half times (1.5x) the federal minimum wage for hours worked in excess of forty hours per workweek.

29. Federal minimum wage was $5.15 per hour until July 24, 2007, when it was increased to $5.85, then again in July 2008 to $6.55 and then to $7.25 in July 2009.

30. Defendants compensated Plaintiff Liu and FLSA Collective Plaintiffs at hourly rates that fell below the federal minimum wage for all hours worked.

31. Defendants were not allowed to reduce the minimum wage by allowing the tip credit allowance available under 29 U.S.C. §203(m) because Plaintiffs and FLSA Collective Plaintiffs were not given notice of the tip credit law by Defendants.

32. Defendants knew that the non-payment of overtime and minimum wages would financially injure Plaintiffs, and violated federal laws.

**<u>FIRST CLAIM FOR RELIEF</u>**
**(FLSA Overtime Violations Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

33. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

34. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA. At all relevant times, Defendants employed "employees" including Plaintiffs and each of the FLSA Collective Plaintiffs.

35. Throughout the statute of limitations period covered by these claims, Plaintiffs and FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

36. Upon information and belief, at all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiffs and FLSA Collective Plaintiffs at one and one half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA.

37. Throughout the statute of limitations period covered by these claims, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs at the required overtime rates, one and a half times the regular wage for hours worked in excess of forty (40) hours per workweek.

38. Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by

the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**(FLSA Minimum Wage Claims Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

39. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

40. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA. At all relevant times, Defendants employed "employees" including Plaintiffs.

41. Throughout the statute of limitations period covered by these claims, Defendants knowingly and willingly failed to pay Plaintiff Liu and FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

42. Plaintiff Liu, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of his respective unpaid minimum wage, liquidated damages as provided by the FLSA for minimum wage violations, attorney's fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(New Jersey Labor Law Overtime Wage Claims Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

43. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

44. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the New Jersey State Wage and Hour Laws and Regulations under N.J.S.A. 34:11-56a *et*

*seq.* Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment and determine the rates and methods of compensation in exchange for their employment.

45. Throughout the statute of limitations period covered by these claims, Defendants, in violation of the New Jersey Labor Law and associated rules and regulations, wilfully failed to pay Plaintiffs overtime wages.

46. Plaintiffs have been damaged in the amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
**(New Jersey Labor Law Minimum Wage Claims Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

47. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

48. Throughout the statute of limitations period covered by these claims, Defendants knowingly and willingly failed to pay Plaintiff Liu minimum wage for each hour worked, in violation of the New Jersey Labor Law and associated rules and regulations.

49. Plaintiff Liu and FLSA Collective Plaintiffs have been damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual

Consent to Sue forms pursuant to 29 U.S.C. §216(b);

B. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C. An award of damages, according to proof, including unpaid overtime compensation, unpaid minimum wages, and liquidated damages plus interest, to be paid by Defendants;

D. Costs of action incurred herein, including expert fees;

E. Penalties available under applicable laws;

F. Attorneys' fees and costs, including fees pursuant to 29 U.S.C. §216, and other applicable statutes;

G. Pre-judgment and post-judgment interest, as provided by law; and

H. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: Newark, New Jersey
       February 7, 2014

Respectfully Submitted,

 /s/Bennet D. Zurofsky
Bennet D. Zurofsky

BENNET D. ZUROFSKY
ATTORNEY AT LAW
17 Academy Street – Suite 1201
Newark, New Jersey 07102
TEL: 973.642.0885
FAX: 973.642.0946
Attorney for Plaintiff

Co-Counsel
John Troy (to be admitted *pro hac vice*)
TROY LAW, PLLC
41-25 Kissena Blvd, Suite 119
Flushing, New York 11355
TEL: 718.762.1324
FAX: 718.762.1342

**Local Rule 11.2 Certification**

      I hereby certify that the matter in controversy is not presently the subject of any other action pending in any Court or of any pending arbitration or administrative proceeding.

      I certify that the foregoing statement is true. I am aware that if it is willfully false I am subject to punishment.

February 7, 2014

                                                          /s/Bennet D. Zurofsky  
                                                          Bennet D. Zurofsky

                                                          BENNET D. ZUROFSKY  
                                                          ATTORNEY AT LAW  
                                                          17 Academy Street – Suite 1201  
                                                          Newark, New Jersey 07102  
                                                          TEL: 973.642.0885  
                                                          FAX: 973.642.0946  
                                                          Attorney for Plaintiff