NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JUN YIN and XINQUAN LIU, and on behalf of
themselves and others similarly situated,

      *Plaintiffs*,

    v.

HANAMI WESTWOOD, INC. d/b/a HANAMI
RESTAURANT, HANAMI CRESSKILL, INC.
d/b/a HANAMI RESTAURANT, ERIC CHEN
and SAM LINDER,

      *Defendants*.

Civil Action No. 14-00809

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court by way of the parties' letters (D.E. 109, 110, 115, 116)
regarding the status of Plaintiffs' conditional class action certification under the Fair Labor
Standard Act ("FLSA") in light of the Court's Opinion partially granting Defendants' motion for
summary judgment (D.E. 104). The Court granted summary judgment as to Plaintiff Jun Yin's
FLSA claim and denied summary judgment as to Plaintiff Xinquan Liu, but found that the evidence
supported a lesser amount of damages than that sought by Liu. D.E. 104. Defendants now contend
that conditional class certification is no longer appropriate.

On January 21, 2016, Judge Cecchi issued an order conditionally certifying a class of the
following individuals:

> all of those paid, non-managerial employees of the Defendants,
> including but not limited to chefs, waiters, kitchen workers,

dishwashers, delivery persons or any other equivalent employee, who previously worked, or is currently working at one of Defendants' restaurants during the past three (3) years and who:

(i)     worked overtime during that period
(ii)    did not receive minimum wages for all hours worked; or
(iii)   did not have their employment period properly recorded

D.E. 88. Thereafter, Plaintiffs submitted a (1) proposed publication order, (2) notice of pendency, and (3) consent to join form (collectively the "Class Documents"). D.E. 95. After reviewing the Class Documents, the Court ordered that Plaintiffs submit working copies of the Class Documents in Microsoft Word format. However, the Word copies submitted were different from the original PDF copies submitted. D.E. 99. The Court then ruled on Defendants' motion for summary judgment before addressing the sufficiency of the Class Documents.

The parties contest whether conditional class certification remains appropriate. Defendants argue that there cannot be a class of employees similarly situated to Yin because the Court granted summary judgment in favor of Defendants on Yin's claims. D.E. 116. As to Liu, Defendants contend that his affidavit in support of the initial class certification is no longer credible and his claim of co-workers being similarly situated is based on hearsay and unsubstantiated allegations. *Id.* Additionally, Defendants posit that non-party witness Jing Lin Hao's affidavit is unreliable because it does not estimate the amount of tips or delivery fees he received. *Id.* Plaintiffs respond that the conditional class should remain intact because Liu's FLSA claims survived summary judgment and he has certified to the Court that there are other waiters similarly situated. D.E. 115. Plaintiffs maintain that the Court did not rule on any facts alleged in Hao's affidavit, and therefore it still remains valid. *Id.* In short, Plaintiffs argue that the affidavits submitted demonstrate the

modest factual showing necessary to permit this matter to continue proceeding as a collective action. *Id.*

When a plaintiff brings a collective action under the FLSA, the certification process is divided into two phases. *Kronick v. bebe Stores, Inc.*, No. 07–4514, 2008 WL 4546368, *1 (D.N.J. Oct. 2, 2008). In the first phase, the "plaintiff bears the burden of satisfying the similarly situated standard, and if he or she does so, then the court grants conditional certification of the collective action for the purpose of sending notice to the potentially affected employees (or former employees) and conducting discovery concerning the opt-in plaintiffs." *White v. Rick Bus Co.*, 743 F. Supp. 2d 380, 386 (D.N.J. 2010) (quoting *Garcia v. Freedom Mortg. Corp.*, No. 09-2668, 2009 WL 3754070, at *2 (D.N.J. Nov. 2, 2009)). "For a court to grant conditional certification, [the] plaintiffs must satisfy the 'modest factual showing' standard." *Barrios v. Suburban Disposal, Inc.*, No. 12-03663, 2013 WL 6498086, at *2 (D.N.J. Dec. 11, 2013). This is a "lenient standard" that requires a plaintiff to "produce some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Id.* (quoting *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189 (3d Cir.2011)); *see also Herring v. Hewitt Assocs., Inc.*, No. 06-267, 2007 WL 2121693, at *4 (D.N.J. July 24, 2007) (a court may grant conditional certification "with only minimal evidence before it at this stage, in some cases nothing more than substantial allegations by the plaintiff"). If the plaintiffs meet this burden, "the result is conditional certification of a class for the purpose of notice and discovery." *Kronick*, 2008 WL 4546368, at *1. Importantly, "there is nothing to prevent a court from 'modifying or reversing a decision on similar situations at a later time in an action, as new facts emerge.'" *Herring*, 2007 WL 2121693, at *4.

3

"In the second stage, after more evidence is available, the court makes a final determination as to whether the plaintiff is similarly situated to the rest of the class." *Kronick*, 2008 WL 4546368, at *1. "This second stage is less lenient, and the plaintiff bears a heavier burden." *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 193 (3d Cir. 2011), *rev'd on other grounds*, 569 U.S. 66 (2013).

Here, the Court finds that Plaintiffs have presented sufficient evidence to maintain conditional certification as to chefs, servers, kitchen workers, dishwashers, and equivalent employees who worked at Defendants' restaurants during the relevant time period. Liu's FLSA claim survived summary judgment and remains intact as to him and those employees similarly situated to him. The Court does not make credibility determinations at the conditional certification stage. *See Colozzi v. St. Joseph's Hosp. Health Ctr.*, 595 F. Supp. 2d 200, 205 (N.D.N.Y. 2009). Accordingly, for the same reasons stated in Judge Cecchi's order, the Court maintains the conditionally certified class as to Liu and all similarly situated employees. *See* D.E. 88 at 4 (finding that "Plaintiffs have provided sufficient support for their allegation that members of the proposed class were subjected to Defendants' common practice of failing to pay minimum wages or overtime").

However, due to the Court granting summary judgment as to Yin's FLSA claim, the Court finds that Plaintiffs no longer meet their burden in conditionally certifying a class composed of delivery drivers. Yin's affidavit in support of conditional certification stated that he knows "deliverymen from the [Hanami] Creskill location who were paid similarly to [him]." D.E. 65 ¶ 16. As explained in the Court's summary judgment Opinion, Yin presented insufficient proof that Defendants violated his rights under the FLSA. Therefore, there is insufficient evidence to

maintain conditional certification as to delivery drivers, and delivery drivers are excluded from the conditional class.[1]

For the foregoing reasons, and for good cause shown;

IT IS on this 1st day of August 2017,

**ORDERED** that Plaintiffs conditional class certification (D.E. 88) remains intact, except that delivery drivers are excluded; and it is further

**ORDERED** that consistent with this Order, and within fourteen days, Plaintiffs shall re-submit to the Court via CM/ECF a revised (1) proposed publication order, (2) notice of pendency, and (3) consent to join form.[2]

John Michael Vazquez, U.S.D.J.

---

[1] Non-party witness Hao also submitted an affidavit stating that he and other delivery drivers received inadequate compensation. Similar to Yin, however, Hao does not provide any information regarding the tips or amount of delivery fees he earned. Without this crucial information, and in light of the Court's summary judgment Opinion, Plaintiffs fall short of presenting the necessary evidence to maintain delivery drivers in the conditional class.

[2] The Court notes that both English and Chinese versions of the Class Documents were initially filed with the Court. D.E. 95. In order to expedite the process, Plaintiffs have the option of filing only the English versions, and once approved by the Court, translating the documents prior to distribution to the conditional class. However, once translated, Defendants will have the opportunity to first review the Chinese versions before dissemination. If there are any objections to the Chinese versions, and the parties cannot in good faith resolve the differences, the parties may move the Court for relief.